IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 22-cv-02246 |
| BELLIN MEMORIAL HOSPITAL, INC. and, KINSEY & KINSEY, INC. | ) ) ) ) | Hon. Steven C. Seeger District Judge Hon. Maria Valdez |
| Defendants. | ) | Magistrate Judge |

**KINSEY & KINSEY'S RESPONSE TO BELLIN MEMORIAL HOSPITAL'S MOTION TO STRIKE ITS RESPONSE BRIEF**

Defendant-Counter and Cross Plaintiff KINSEY & KINSEY, INC. ("Kinsey & Kinsey"), by its undersigned counsel, respectfully submits the following Response to the Motion to Strike its combined Response to the pending cross Motions for Judgment on the Pleadings filed by Defendant-Cross-Defendant BELLIN HOSPITAL, INC. ("Bellin").

1. Kinsey & Kinsey is a party to this case, a Defendant and a CounterPlaintiff. Despite the ridiculous arguments made by Bellin in its still-pending Rule 12(b)(6) Motion to Dismiss Kinsey & Kinsey's Counterclaim, Kinsey & Kinsey is a "real" Defendant and has a fundamental right to be heard. It is completely obvious that Kinsey & Kinsey is a real party in interest and has a substantial stake in this case. It is also completely obvious that Kinsey & Kinsey has different interests than both Bellin and PIIC, and is not being represented by either of them, although its interests are fairly closely aligned with PIIC's.

2. Kinsey & Kinsey was joined by PIIC as a Defendant because the matter at issue concerns the construction of a Policy of Insurance of which Kinsey & Kinsey is the primary

1

beneficiary, and the construction of a Settlement Agreement of which Kinsey & Kinsey is a third party beneficiary.

3. As a Defendant to PIIC's Complaint, Kinsey & Kinsey has as much right as Bellin to respond to PIIC's Motion for Judgment on the Pleadings. The Complaint seeks a declaratory judgment which will be binding on Kinsey & Kinsey.

4. Bellin's Counterclaim is not formally styled as seeking relief against Kinsey & Kinsey, but the primary objective, stated in the beginning of its Prayer for Relief is for [a judgment]:

> Declaring that the Judgment is not within the scope of coverage of the 2016 Policy and that **Kinsey is not entitled to a set-off** pursuant to the terms of the Settlement Agreement.

5. Kinsey & Kinsey should therefore have as much right as PIIC to respond to Bellin's Motion for Judgment on the pleadings.

6. Nothing stated in the Federal Rules of Civil Procedure nor in the Local Rules of this District provides, as Bellin assumes, that no party may file a Brief opposing a Motion without leave of Court. Local Rule 78.3 treats the filing of Briefs as optional to the movant and respondent: "Failure to file a supporting or answering memorandum shall not be deemed to be a waiver of the motion or a withdrawal of opposition thereto." It also says the Court "may" set a briefing schedule. Rule 12(c) merely states that a party "may move for judgment on <u>the</u> pleadings" (not its pleading but any pleadings) at any time after the pleadings are closed.

6. In the context of the case, the omission of Kinsey & Kinsey from the Minute Order setting the briefing schedule [Docket # 37] cannot reasonably be read to mean 'Kinsey & Kinsey shall be precluded from filing a response Brief.' Certainly it says no such thing.

7. It is true, as Bellin points out, that Kinsey & Kinsey has not filed its own motion for judgment on the pleadings. Guess why? Bellin has filed a Motion to Dismiss Kinsey & Kinsey's pleading which asserts arguments ranging from frivolous to fatuous, and that Motion is still pending. If Kinsey & Kinsey were to file its own motion for judgment on the pleadings based on its Counterclaim, Bellin would almost certainly call it premature under Rule 12(c), and seek to strike it on that basis.

8. PIIC and Bellin are fully at issue on the Complaint, and to the extent necessary, Kinsey & Kinsey's Response may be taken as a motion for judgment on <u>those</u> pleadings. The filing of a new, separate motion by Kinsey & Kinsey would serve no purpose except to extend the time when the issue will be ripe for ruling, and give Bellin's lawyers the opportunity to bill their client for filing yet another brief.

9. Kinsey & Kinsey does not need to file its own motion to argue for relief to be granted on the pleadings, nor is there any reason based in logic, fairness, or the applicable rules for Kinsey & Kinsey to be precluded from filing a Brief.

10. Bellin's claim in its Motion to Strike that Kinsey & Kinsey's Response Brief includes "newly raised arguments and factual representations" is patently false. Kinsey & Kinsey is seeking judgment on the pleadings, based on the undisputed facts. Kinsey & Kinsey has introduced no evidence, and is taking the position that no evidence need be introduced for the Court to rule. "Factual representations," is a term with no meaning. Kinsey & Kinsey makes legal arguments based on the documents in the record, largely consisting of common sense construction of the Settlement Agreement and the Policy based on well-known principles of law.

11. Kinsey & Kinsey's filing of a single 15-page Brief in response to PIIC and Bellin's combined 35 pages is not intended to be an imposition on the Court, and is hardly unreasonable under the circumstances.

12. Bellin's arrogant and disingenuous Motion to Strike is merely yet another attempt to delegitimize and silence Kinsey & Kinsey, and a transparent effort to get the last word in without explicitly asking the Court for a sur-reply. Whatever the Court chooses to do with regard to further briefing, Kinsey & Kinsey opposes the striking of its Response Brief.

WHEREFORE, KINSEY & KINSEY respectfully requests that the Court deny BELLIN's Motion to Strike its Response to the two Motions for Judgment on the Pleadings.

KINSEY & KINSEY, INC.

By: /s/ Marcos Reilly

Dated: October 4, 2022

Marcos Reilly
HINSHAW & CULBERTSON LLP
151 N. Franklin St., Suite 2500
Chicago, IL 60606
(312) 705-3779
mreilly@hinshwlaw.com